1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EMILY JOHNSON HENN (SBN 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: ehenn@cov.com

SIMON J. FRANKEL (SBN 171552)
PATRICK R. CAREY (SBN 308623)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: sfrankel@cov.com
Email: pcarey@cov.com

*Attorneys for Defendants Nike, Inc. and FullStory, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURHAAN SALEH, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>NIKE, INC. and FULLSTORY, INC.,<br><br>            Defendants. | Civil Case No.: 2:20-cv-09581-FMO-RAO<br><br>**NOTICE OF RELATED CASE**<br><br>**[Local Rules 83-1.2.2, 83-1.3]** |

1    Defendants Nike, Inc. ("Nike") and FullStory, Inc. ("FullStory") respectfully submit this Notice

2    of Related Case pursuant to Local Rules 83-1.2.2 and 83-1.3 to inform the Court that this action is

3    related to *Burhaan Saleh v. Hudson's Bay Company and FullStory, Inc.*, Case No. 2:20-cv-9095-PA-KS.

4    Plaintiff in the above-captioned matter, Burhaan Saleh, filed the related case, *Saleh v. Hudson's*

5    *Bay Company* on October 2, 2020, which was assigned to the Honorable Percy Anderson.  *See Saleh v.*

6    *Hudson's Bay Company*, Case No. 2:20-cv-9095-PA-KS, Dkt. No. 1 (*Saleh v. Hudson's Bay*).

7    On October 8, 2020, Judge Percy Anderson dismissed the *Saleh v. Hudson's Bay* complaint for

8    lack of subject matter jurisdiction, based on Saleh's failure to adequately plead diversity jurisdiction.

9    *See Saleh*,  Case No. 2:20-cv-9095-PA-KS, Dkt. No. 9.  The *Hudson's Bay* court granted Saleh leave to

10   amend, setting a deadline of October 15, 2020, to file any amended complaint.  *See id.*  Saleh did not file

11   an amended complaint, and on October 19, 2020, the *Hudson's Bay* court dismissed that case and

12   entered judgment without prejudice, finding "that Plaintiff ha[d] abandoned his claims by failing to file

13   an amended complaint in compliance with the Court's order."  *See Saleh*, Case No. 2:20-cv-9095-PA-

14   KS, Dkt. Nos. 10-11.

15   On October 19, the same day his other action was dismissed, Saleh filed this action using a

16   virtually identical complaint, save for his swapping out one defendant—previous defendant Hudson's

17   Bay Company ("Hudson's Bay") for Nike, Inc. ("Nike").  *See* Class Action Complaint, Dkt. No. 1

18   ("Compl.").  Saleh's earlier complaint contained claims against Hudson's Bay and FullStory for

19   purported violations of the California Invasion of Privacy Act ("CIPA") and the right to privacy under

20   the California Constitution.  *See Saleh*, Case No. 2:20-cv-9095-PA-KS, Dkt. No. 1 ¶¶ 53-80.  These

21   claims were premised on allegations that Hudson's Bay and FullStory monitored and recorded Saleh's

22   interactions with one of Hudson's Bay's retailer websites using FullStory's software.  *Id*. ¶¶ 36-38.

23   Here, Saleh's complaint contains the same claims against Defendants for the same purported violations

24   of CIPA and the right to privacy under the California Constitution.  Compl. ¶¶ 52-79.  Saleh bases these

25   claims on the same allegations, i.e., that Defendants monitored and recorded Saleh's interactions with

26   Nike's website using FullStory's software in the same way.  *Id*. ¶¶ 35-37.

27   As a result, Defendants file this Notice of Related Case pursuant to Local Rule 83-1.2.2, which

28   provides:

1
2
3
4
5

> Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned.  It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

6    L.R. 83-1.2.2.

7    This case satisfies the two requirements of the rule with respect to the *Saleh v. Hudson's Bay*

8    case.  *First*, the present complaint alleges "the same or essentially the same claims" as the *Saleh v.*

9    *Hudson's Bay* complaint.  *Id.*  Both pleadings allege the same two claims under CIPA and the same

10   privacy claim under the California Constitution, in the very same words.  *Compare Saleh*, Case No.

11   2:20-cv-9095-PA-KS, Dkt. No. 1 ¶¶ 53-80, *with* Compl. ¶¶ 52-79.  The factual allegations of the two

12   complaints—concerning how FullStory's technology allegedly operates, how it allegedly interacts with

13   the retailer website, and the alleged impact on the same plaintiff—are nearly verbatim.  *Compare Saleh*,

14   Case No. 2:20-cv-9095-PA-KS, Dkt. No. 1 ¶ 36 ("During that [website] visit, and upon information and

15   belief, the Session Replay feature in FullStory's software created a video capturing each of Plaintiff's

16   keystrokes and mouse clicks on the website.  The FullStory wiretap also captured the date and time of

17   the visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit, his browser

18   type, and the operating system on his device."), *with* Compl. ¶ 35 ("During that [website] visit, and upon

19   information and belief, the Session Replay feature in FullStory's software created a video capturing each

20   of Plaintiff's keystrokes and mouse clicks on the website. The FullStory wiretap also captured the date

21   and time of the visit, the duration of the visit, Plaintiff's IP address, his location at the time of the visit,

22   his browser type, and the operating system on his device.").  And the class allegations in the two

23   complaints are essentially identical, save for a different website being referenced.  *Compare Saleh*, Case

24   No. 2:20-cv-9095-PA-KS, Dkt. No. 1 ¶¶ 46-52, *with* Compl. ¶¶ 45-51.

25   *Second*, the two complaints involve "the same or essentially the same parties."  L.R. 83-1.2.2.

26   Specifically, this case involves two of the same three parties as the *Saleh v. Hudson's Bay* complaint—

27   the plaintiff and FullStory.  *Compare Saleh*, Case No. 2:20-cv-9095-PA-KS, Dkt. No. 1 ¶¶ 4-11, *with*

28   Compl. ¶¶ 4-10.  The same individual is claiming the same privacy violations due to the same

1  technology from the same defendant (FullStory).  Saleh has simply swapped in a different defendant

2  website in this new complaint.

3      Finally, given the close identity of these two complaints, the current complaint would necessarily

4  "call for determination of the same or substantially related or similar questions of law and fact" as the

5  prior complaint—questions concerning the operation of FullStory's technology and the validity of the

6  same causes of action in this factual context.  Accordingly, the two complaints would be considered

7  related under Local Rule 83-1.3.1.

8      For these reasons, Defendants are complying with Local Rule 83-1.2.2 by filing this Notice of

9  Related Case to bring these facts to the attention of the Court.

10

11   DATED:  November 10, 2020                COVINGTON & BURLING LLP

12

13                                           By:    /s/ Simon J. Frankel

14                                           Simon J. Frankel

15                                           *Attorneys for Defendants Nike, Inc. and*

16                                           *FullStory, Inc.*

17                                           EMILY JOHNSON HENN (SBN 269482)
                                             COVINGTON & BURLING LLP

18                                           3000 El Camino Real
                                             5 Palo Alto Square, 10th Floor

19                                           Palo Alto, CA 94306-2112
                                             Telephone: + 1 (650) 632-4700

20                                           Facsimile: + 1 (650) 632-4800

21                                           Email: ehenn@cov.com

22                                           SIMON J. FRANKEL (SBN 171552)
                                             PATRICK R. CAREY (SBN 308623)

23                                           COVINGTON & BURLING LLP
                                             Salesforce Tower

24                                           415 Mission Street, Suite 5400

25                                           San Francisco, CA 94105-2533
                                             Telephone: + 1 (415) 591-6000

26                                           Facsimile: + 1 (415) 591-6091
                                             Email: sfrankel@cov.com

27                                           Email: pcarey@cov.com

28