1   **BURSOR & FISHER, P.A.**
2   L. Timothy Fisher (State Bar No. 191626)
    Joel D. Smith (State Bar No. 244902)
3   1990 North California Blvd., Suite 940
    Walnut Creek, CA 94596
4   Telephone: (925) 300-4455
    Facsimile:  (925) 407-2700
5   E-mail: ltfisher@bursor.com
            jsmtih@bursor.com
6
7   *Attorneys for Plaintiff*

8

9               **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11

12  BURHAAN SALEH, individually and on       Case No. 2:20-cv-09581-FMO-RAO
    behalf of all others similarly situated,
13                                            **PLAINTIFF'S OPPOSITION TO**
                                              **NOTICE OF RELATED CASE**
14                          Plaintiff,        **PURSUANT TO LOCAL RULE**
        v.                                    **83-1.3.3**
15
    NIKE, INC. and FULLSTORY, INC.,
16
                            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

---

Pursuant to Local Rules 83-1.3.3, Plaintiff Burhaan Saleh ("Plaintiff") hereby submits this opposition to Defendants Nike, Inc. ("Nike") and FullStory, Inc.'s ("FullStory") (collectively, "Defendants") Notice of Related Case. This action should not be related to *Saleh v. Hudson's Bay Co., et al.*, Case No. 2:20-cv-9095-PA-KS (C.D. Cal. 2020) (the "*HBC* Action") because the two cases do not meet the requirements for relation under Local Rule 83-1.3.

Local Rule 83-1.3.1 states as follows:

> It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:
>
> > (a) arise from the same or a closely related transaction, happening, or event;
> >
> > (b) call for determination of the same or substantially related or similar questions of law and fact; or
> >
> > (c) for other reasons would entail substantial duplication of labor if heard by different judges.

None of these prongs are met here. First, this action and the *HBC* Action do not "arise from the same or closely related transaction" because the two actions involve completely different transactions, on completely different websites, owned by completely different companies. The *HBC* Action involves Saksfifthavenue.com, whereas the instant action involves Nike.com. *Compare Hudson's Bay Co.*, ECF No. 1, at ¶ 4 ("In June 2020, prior to the filing of this lawsuit, Mr. Saleh visited Saksfifthavenue.com and purchased clothes from the website."), *with Nike, Inc.*, ECF No. 1, at ¶ 4 ("In May 2020, prior to the filing of this lawsuit, Mr. Saleh visited the Website and purchased shoes from the Website."). The two websites are owned by completely separate corporations, have different layouts, sell different products, and have no relationship with each other. *See Dodaro v. Standard Pacific Corp.*, 2009 WL 10673229, at *3 (C.D. Cal. Nov. 16, 2009) (denying consolidation where "each defendant employed different contracts in different transactions"). Further,

the putative classes in both actions are different because there is no basis to conclude that every person who visited Nike.com also visited Saksfithavenue.com, or vice versa. *See Bonilla v. United Brands Co.*, 2011 WL 13220120, at *2 (C.D. Cal. Mar. 21, 2011) (denying consolidation under L.R. 83-1.3.1 where "[t]here is no reason to conclude that people who purchased a Max Energy Drink also purchased Joose, or vice versa"). The mere fact that FullStory—one of two defendants in both actions— is named in both actions is not dispositive. *Id.* ("[h]aving reviewed the complaints in this action and the Cuevas Action, they have little factual matter in common aside from the identity of the Defendants"). Accordingly, the two actions do not involve "the same or closely related transaction."

Second, although the legal claims in the two actions are identical, the factual differences between the two websites mean there will not be "substantially related or similar questions of law and fact." In each case, Defendants will assert affirmative defenses that rely on each of the websites' designs and implementation of FullStory, such as: (1) whether, when, and how FullStory's wiretapping technology was disclosed on Nike.com or Saksfifthsavenue.com, (2) how long each website has been using FullStory, and (3) the extent to which each website uses FullStory's technology to wiretap consumers.[1] Thus, there are different questions of law and fact that warrant against relating the two cases. *See Dodaro*, 2009 WL 10673229, at *3 ("[W]hile the claims in the eight complaints are identical, the underlying distinct facts may give rise to disparate legal issues."); *Bonilla*, 2011 WL 13220120, at *2 ("The two actions involve different beverages with different alcohol contents and, as pictures in the complaints show, completely different packaging and advertising. Given that the claims in the two actions are heavily based on the content of the packaging and the dangers of consuming too much alcohol, such differences mean that resolving the two actions will involve significantly different determinations.").

---

[1] Plaintiff disagrees that any such affirmative defenses have merit here, but these are nonetheless standard arguments raised by defendants in cases like these.

1    Finally, there is no danger of "substantial duplication of labor."  The *HBC*
2    Action was dismissed on October 19, 2020, just seventeen days after the complaint
3    was filed.  *Hudson's Bay Co.*, ECF No. 11.  The defendants in the *HBC* Action
4    never appeared, no motions were filed, no discovery was served, and no hearings
5    occurred.  Thus, only the instant action remains to be litigated.  Further, even if the
6    *HBC* Action were still pending, there would be minimal duplication of labor based
7    on the aforementioned factual differences between the two actions.  *Bonilla*, 2011
8    WL 13220120, at *2 ("Having reviewed the complaints in this action and the Cuevas
9    Action, they have little factual matter in common aside from the identity of the
10   Defendants, and would not entail substantial duplication of labor if heard by two
11   different judges.").  Therefore, this factor weighs against relation.

12       For the foregoing reasons, the Court should not relate this case to the no
13   longer pending *HBC* Action.

14   Dated:  November 12, 2020        Respectfully submitted,

15                                    **BURSOR & FISHER, P.A.**

16

17                                    By:   */s/ Joel D. Smith*
                                            Joel D. Smith

18

19                                    L. Timothy Fisher (State Bar No. 191626)
                                      Joel D. Smith (State Bar No.  244902)
20                                    1990 North California Blvd., Suite 940
                                      Walnut Creek, CA 94596
21                                    Telephone: (925) 300-4455
                                      Facsimile:  (925) 407-2700
22                                    E-mail: ltfisher@bursor.com
                                              jsmith@bursor.com

23                                    *Attorneys for Plaintiff*

24

25

26

27

28