EMILY JOHNSON HENN (SBN 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

SIMON J. FRANKEL (SBN 171552)
sfrankel@cov.com
MATTHEW Q. VERDIN (SBN 306713)
mverdin@cov.com
JENNA L. ZHANG (SBN 336105)
jzhang@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendant*
*Nike, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURHAAN SALEH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NIKE, INC.,<br><br>    Defendant. | Civil Case No.: 2:20-cv-09581-FLA-RAO<br><br>**DEFENDANT NIKE, INC.'S ANSWER AND SEPARATE AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**<br><br>Honorable Fernando L. Aenlle-Rocha |

Defendant Nike, Inc. ("Nike"), by and through its undersigned attorneys, hereby responds as follows to the allegations in the First Amended Complaint ("Complaint") filed in this action by Burhaan Saleh ("Plaintiff") on December 22, 2020, and provides separate and affirmative defenses to the allegations in the Complaint.

## PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the Complaint:

A.     Nike submits this Answer and Affirmative Defenses ("Answer") only on behalf of itself and, unless stated otherwise, construes "Nike" to refer exclusively to Nike, Inc.

B.     The Complaint contains purported references to documents that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents should be considered, if at all, in context and in unmodified form, and Nike respectfully refers the Court to the respective materials for their complete contents.

C.     Except as otherwise expressly stated herein, Nike denies each and every allegation in the Complaint, including any allegations in the prayer for relief, headings, subheadings, footnotes, and images of the Complaint, and specifically denies liability to Plaintiff.  To the extent not expressly denied, all allegations for which Nike denies possessing knowledge or information sufficient to form a belief are denied.

D.     Nike reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWERING ALLEGATIONS ABOUT THE NATURE OF THE ACTION

1.     Paragraph 1 contains legal conclusions that do not require a response.  To the extent a response is required, Nike admits that Plaintiff purports to bring a claim under California law on behalf of himself and other unnamed individuals who visited Nike's website (nike.com).  Nike denies that it violated California law, denies that it may be held liable for any conduct related to the use of FullStory's software-based services,

denies that Plaintiff was harmed as a result of any alleged conduct by Nike, denies that the claims alleged in the Complaint may be asserted on behalf of the putative class, and denies that Plaintiff is entitled to any relief from Nike.  Except as expressly stated, Nike denies the allegations in Paragraph 1.

2.     In response to the allegations in Paragraph 2, Nike admits that its records reflect a visit to Nike's website (nike.com) in May 2020 during which a pair of shoes was purchased and requested to be sent to an individual by the name of Burhaan Saleh in Glendale, California.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies those allegations.

3.     In response to the allegations in Paragraph 3, Nike admits that Plaintiff purports to bring this suit on behalf of himself and other unnamed individuals who visited Nike's website (nike.com).  Except as expressly stated, Nike denies the allegations in Paragraph 3.

ANSWERING ALLEGATIONS ABOUT THE PARTIES

4.     In response to the allegations in Paragraph 4, Nike admits that its records reflect a visit to Nike's website (nike.com) in May 2020 during which a pair of shoes was purchased and requested to be sent to an individual by the name of Burhaan Saleh in Glendale, California.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, on that basis, denies those allegations.

5.     In response to the allegations in Paragraph 5, Nike admits that it is a corporation incorporated under the laws of Oregon with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

6.     In response to the allegations in Paragraph 6, Nike admits that it does business throughout California and the United States.

7.    In response to the allegations in Paragraph 7, Nike admits that it owns and operates nike.com.

8.    The allegations in Paragraph 8 are not directed to Nike, and no response is required.  To the extent a response is required, Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies those allegations.

9.    Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10.    In response to the allegations in Paragraph 10, Nike admits that it has used FullStory's software-based services and admits, on information and belief, that those services include a session replay feature.  Except as expressly stated, Nike denies the allegations in Paragraph 10.

## ANSWERING ALLEGATIONS ABOUT JURISDICTION AND VENUE

11.    Paragraph 11 contains legal conclusions that do not require a response.  To the extent a response is required, Nike does not challenge that the requirements of 28 U.S.C. § 1332(d)(2)(A) are satisfied for purposes of this action only.  Except as expressly stated, Nike denies the allegations in Paragraph 11.

12.    Paragraph 12 contains legal conclusions that do not require a response.  To the extent a response is required, Nike does not challenge personal jurisdiction over Nike with respect to Plaintiff's individual claims against Nike for purposes of this action only. Except as expressly stated, Nike denies the allegations in Paragraph 12.

13.    Paragraph 13 contains legal conclusions that do not require a response.  To the extent a response is required, Nike does not challenge venue for purposes of this action only.  Except as expressly stated, Nike denies the allegations in Paragraph 13.

14.    Paragraph 14 contains legal conclusions that do not require a response.  To the extent a response is required, Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 that relate to an unspecified

California "market" and, therefore, denies those allegations.  Nike admits that it sells products to customers in California.  Nike denies the remaining allegations in Paragraph 14.

### ANSWERING ALLEGATIONS ABOUT STATEMENT OF FACTS

15.     Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16.     In response to the allegations in Paragraph 16, Nike admits, on information and belief, that FullStory offers a session replay feature.  Except as expressly stated, Nike denies the allegations in Paragraph 16.

17.     In response to the allegations in Paragraph 17 that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies those allegations.

18.     In response to the allegations in Paragraph 18 and its accompanying footnote that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, therefore, denies those allegations.

19.     In response to the allegations in Paragraph 19 and its accompanying footnote that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies those allegations.

20.     In response to the allegations in Paragraph 20 that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 that relate to FullStory's "display[]" of the illustrated screen and, therefore, denies those allegations.  Nike denies the remaining allegations in Paragraph 20.

21.     In response to the allegations in Paragraph 21 and its accompanying footnote that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies those allegations.

22.     In response to the allegations in Paragraph 22 that purport to interpret a video, Nike states that the video speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

23.     In response to the allegations in Paragraph 23 that purport to interpret, and quote statements from, a video, Nike states that the video speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, therefore, denies those allegations.

24.     In response to the allegations in Paragraph 24 that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, therefore, denies those allegations.

25.     In response to the allegations in Paragraph 25 that appear to interpret a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, therefore, denies those allegations.

26.     In response to the allegations in Paragraph 26 that quote from a purported study, Nike states that the purported study speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, therefore, denies those allegations.

27.     Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies those allegations.

28.    In response to the allegations in Paragraph 28 that quote from a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies those allegations.

29.    In response to the allegations in Paragraph 29 that purport to interpret the purported study and depicted screenshot, Nike states that the purported study and depicted screenshot speak for themselves.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, denies those allegations.

30.    In response to the allegations in Paragraph 30 that purport to interpret the depicted screenshot, Nike states that the depicted screenshot speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and its accompanying footnote and, therefore, denies those allegations.

31.    Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies those allegations.

32.    Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33.    In response to the allegations in Paragraph 33 that purport to interpret the purported study, Nike states that the purported study speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies those allegations.

34.    Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

35.    In response to the allegations in Paragraph 35, Nike admits that it contracted with FullStory to provide software-based services to Nike.  Except as expressly stated, Nike denies the allegations in Paragraph 35.

36.     Nike denies the allegations in Paragraph 36.

37.     In response to the allegations in Paragraph 37, Nike admits that it paid to access FullStory's software-as-a-service, and that FullStory's software code, as implemented on Nike's website (nike.com), facilitated the collection of certain information about keystrokes and mouse clicks of users who interacted with Nike's website (nike.com).  Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 that relate to unspecified "other communications," and, therefore, denies those allegations.  Nike denies the remaining allegations in Paragraph 37.

38.     In response to the allegations in Paragraph 38, Nike admits that it installed FullStory's software code on its website (nike.com).  Except as expressly stated, Nike denies the allegations in Paragraph 38.

39.     Nike denies the allegations in Paragraph 39.

40.     In response to the allegations in Paragraph 40, Nike admits that its records reflect a visit to Nike's website (nike.com) in May 2020 during which a pair of shoes was purchased and requested to be sent to an individual by the name of Burhaan Saleh in Glendale, California.

41.     Nike denies the allegations in Paragraph 41.

42.     Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43.     In response to the allegations in Paragraph 43, Nike admits that, when a visitor to Nike's website (nike.com) makes a purchase on the website, the visitor must enter information necessary to complete the purchase.  Nike denies the remaining allegations in Paragraph 43.

44.     Nike denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 45.

46.    Paragraph 46 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 46.

47.    Paragraph 47 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 47.

48.    In response to the allegations in Paragraph 48 that quote from, and purport to interpret, a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 that relate to unnamed "other companies" and, therefore, denies those allegations.  Nike denies the remaining allegations in Paragraph 48.

49.    In response to the allegations in Paragraph 49 that quote from, and purport to interpret, various documents, Nike states that the documents speaks for itself.  Nike denies the remaining allegations in Paragraph 49.

50.    Paragraph 50 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 50.

51.    Paragraph 51 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 51.

## ANSWERING CLASS ACTION ALLEGATIONS

52.    Nike admits that Plaintiff purports to bring this suit on behalf of himself and other unnamed individuals who visited Nike's website (nike.com), and that Plaintiff purports to reserve certain rights.  Except as expressly stated, Nike denies the allegations in Paragraph 52.

53.    Paragraph 53 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 53.

54.    Paragraph 54 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 54.

55.    Paragraph 55 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 55.

56.     Paragraph 56 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 56.

57.     Paragraph 57 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 57.

58.     Nike admits that Plaintiff purports to bring a claim under section 631 of the California Invasion of Privacy Act (Cal. Penal Code § 631) on behalf of himself and other unnamed individuals who visited Nike's website (nike.com) against Nike.  Except as expressly stated, Nike denies the allegations in Paragraph 58.

**ANSWERING COUNT I**

59.     In response to the allegations in Paragraph 59, Nike repeats and incorporates by reference its responses in Paragraphs 1–58.

60.     Nike admits that Plaintiff purports to bring a claim under section 631 of the California Invasion of Privacy Act (Cal. Penal Code § 631) on behalf of himself and other unnamed individuals who visited Nike's website (nike.com) against Nike.  Except as expressly stated, Nike denies the allegations in Paragraph 60.

61.     Paragraph 61 contains legal conclusions that do not require a response.  To the extent a response is required, Nike states that the text of Cal. Penal Code § 631(a) speaks for itself.  Except as expressly stated, Nike denies the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 65.

66.     In response to the allegations in Paragraph 66 that quote from, and purport to interpret, a document, Nike states that the document speaks for itself.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, therefore, denies those allegations.

67.     Nike is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies those allegations.

68.     Paragraph 68 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 68.

69.     Paragraph 69 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 69.

70.     Paragraph 70 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in Paragraph 70.

71.     The first sentence in Paragraph 71 contains legal conclusions that do not require a response; to the extent a response is required, Nike denies the allegations in the first sentence of Paragraph 71.  Nike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and, therefore, denies those allegations.

72.     Nike admits that Plaintiff purports to seek the relief described in Paragraph 72.  Except as expressly stated, Nike denies the allegations in Paragraph 72.

## ANSWERING COUNT II

73.     In response to the allegations in Paragraph 73, Nike repeats and incorporates by reference its responses in Paragraphs 1–72.

74.     Nike is not required to answer the allegations in Paragraph 74 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

75.     Nike is not required to answer the allegations in Paragraph 75 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

76.     Nike is not required to answer the allegations in Paragraph 76 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

77.     Nike is not required to answer the allegations in Paragraph 77 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

78.     Nike is not required to answer the allegations in Paragraph 78 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

79.     Nike is not required to answer the allegations in Paragraph 79 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

80.     Nike is not required to answer the allegations in Paragraph 80 because the Court's September 27, 2021 order dismissed Plaintiff's Count II under section 635 of the

California Invasion of Privacy Act (Cal. Penal. Code § 635) and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

## ANSWERING COUNT III

81.     In response to the allegations in Paragraph 81, Nike repeats and incorporates by reference its responses in Paragraphs 1–80.

82.     Nike is not required to answer the allegations in Paragraph 82 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

83.     Nike is not required to answer the allegations in Paragraph 83 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

84.     Nike is not required to answer the allegations in Paragraph 84 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

85.     Nike is not required to answer the allegations in Paragraph 85 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

86.     Nike is not required to answer the allegations in Paragraph 86 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

87.     Nike is not required to answer the allegations in Paragraph 87 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

88.     Nike is not required to answer the allegations in Paragraph 88 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

89.     Nike is not required to answer the allegations in Paragraph 89 because the Court's September 27, 2021 order dismissed Plaintiff's Count III under the California Constitution and Plaintiff did not amend his Complaint by the October 11, 2021 deadline to remedy the legal deficiencies with that claim.

## ANSWERING THE PRAYER FOR RELIEF

Nike denies the allegations in the Prayer for Relief, and further denies any liability to Plaintiff or putative class members, denies that class certification is proper, and denies that Plaintiff or putative class members are entitled to any relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

Nike asserts the following separate and affirmative defenses to Plaintiff's alleged cause of action.  Insofar as any of the following expresses denial of an element of any claim alleged against Nike, such expression does not indicate that Plaintiff is relieved of his burden to prove each and every element of any such claim.  Nike reserves the right to assert additional affirmative and other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## FIRST DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim for which relief may be granted against Nike.

## SECOND DEFENSE

### (Consent)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the existence of consent, disclosure, notification, ratification, acquiescence, authorization, and/or acceptance, including, without limitation, because Nike's privacy policy disclosed the conduct alleged in the Complaint and Plaintiff and members of the putative class consented to Nike's privacy policy.

## THIRD DEFENSE

### (Statute of Limitations)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, Cal. Code. Civ. P. § 340 and Cal. Code Civ. P. § 335.1.

## FOURTH DEFENSE

### (Waiver/Estoppel/Unclean Hands/Laches)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

## FIFTH DEFENSE

### (Class Action Waiver)

This action may not be properly maintained or certified as a class action because, among other reasons, Plaintiff and members of the putative class waived the right to participate in a class action by consenting to Nike's terms of use.

## SIXTH DEFENSE

### (Failure to Mitigate)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by Plaintiff's and the putative class members' failure to mitigate damages, if any.

## SEVENTH DEFENSE

### (No Statutory or Putative Damages)

Plaintiff's claim for statutory and punitive damages, and the claim Plaintiff purports to bring on behalf of members of the putative class for statutory and punitive damages, are barred or reduced by applicable law or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, and Article 1, Section 17 of the Constitution of the State of California.

## EIGHTH DEFENSE

### (No Standing)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, because Plaintiff and the putative class members lack standing to assert the alleged claims.

## NINTH DEFENSE

### (Adequate Notice)

Plaintiff's claim is barred, in whole or in part, because the actions complained of were taken after providing adequate notice to the relevant individual as required by law.

## PRAYER FOR RELIEF

Nike prays for entry of judgment in its favor and against Plaintiff as follows:

      1.      That the Complaint be dismissed in its entirety with prejudice;

2.      That this action proceed between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23(c);

3.      That Plaintiff takes nothing by way of the Complaint;

4.      For attorneys' fees and costs as permitted by law; and

5.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Nike requests a trial by jury on all issues raised by the Complaint that are properly triable to a jury.

DATED: November 8, 2021          COVINGTON & BURLING LLP

By: */s/ Emily Johnson Henn*
    EMILY JOHNSON HENN (SBN 269482)
    ehenn@cov.com
    COVINGTON & BURLING LLP
    3000 El Camino Real
    5 Palo Alto Square, 10th Floor
    Palo Alto, CA 94306-2112
    Telephone: + 1 (650) 632-4700
    Facsimile: + 1 (650) 632-4800

    SIMON J. FRANKEL (SBN 171552)
    sfrankel@cov.com
    MATTHEW Q. VERDIN (SBN 306713)
    mverdin@cov.com
    JENNA L. ZHANG (SBN 336105)
    jzhang@cov.com
    COVINGTON & BURLING LLP
    Salesforce Tower
    415 Mission Street, Suite 5400
    San Francisco, CA 94105-2533
    Telephone: + 1 (415) 591-6000
    Facsimile: + 1 (415) 591-6091

    *Attorneys for Defendant*
    *Nike, Inc.*